1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10  MAILLARD L. KING,
11         Plaintiff,                    No. CIV S-09-0118 JAM DAD P
12         vs.
13  SOLANO STATE PRISON
    MED. FACILITY,
14
           Defendants.                   ORDER
15                              /
16
17         Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42
18  U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.
19  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule
20  72-302 and 28 U.S.C. § 636(b)(1).
21         Plaintiff has submitted an in forma pauperis application that makes the showing
22  required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma
23  pauperis.
24         Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See
25  28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is
26  currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must

accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court has construed plaintiff's letter to the California Prison Health Care Receivership, filed on June 13, 2008, as his complaint. However, plaintiff's letter does not provide all of the required information for a civil rights complaint. Therefore, plaintiff will be granted leave to file an amended complaint using the form complaint provided by the court. Plaintiff must answer each question on the form. Plaintiff is also advised that with respect to each of his claims, he must identify the defendants and provide the facts and allegations that support the claim in question. Plaintiff should not merely provide a chronological narrative of events and allegations and then list his claims. The court also notes that plaintiff is proceeding with another civil rights action alleging inadequate medical care. See King v. Carey, et al., CIV S-07-0846 FCD JFM P. Duplicative claims and actions will be dismissed.

Plaintiff is advised that the Solano State Prison Medical Facility is not a proper defendant. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A state agency or entity cannot be sued in federal court because it is an arm of the state government and not a "person" within the meaning of the Civil Rights Act. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir.1969) (holding that state agencies such as California Adult Authority and San Quentin Prison are not persons within meaning of Civil Rights Act); Bennett v. California, 406 F.2d 36, 39 (9th Cir.1969) (holding that California Adult Authority and California Department of Corrections not persons within meaning of Civil Rights Act).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Lastly, the court will provide plaintiff with the following legal standards governing a claim of constitutionally inadequate medical care. To prevail on a claim of inadequate medical care, a plaintiff must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. In alleging the existence of a serious medical need, a prisoner satisfies the objective requirement for stating an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In addition to alleging the existence of a serious medical need, a plaintiff must allege that the defendants responded to his serious medical need with deliberate indifference. A plaintiff must allege and ultimately prove that a defendant acted with deliberate indifference, in order to satisfy the subjective prong of the two-part test applicable to Eighth Amendment claims. See Farmer, 511 U.S. at 834. Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Mere differences of opinion between a prisoner and prison or jail medical staff as to proper medical care do not give rise to a § 1983 claim. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 23, 2009 application to proceed in forma pauperis [Doc. No. 16] is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's June 13, 2008 complaint [Doc. No. 1] is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: April 4, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
king0118.14a

5